ELIZABETH E. RABENOLD, on Behalf of Herself and All Other Holders of Debentures of ASSOCIATED GAS AND ELECTRIC COMPANY, Similarly Situated, Plaintiff, *v.* ASSOCIATED GAS AND ELECTRIC COMPANY and Others, Defendants.

Supreme Court, New York County, August 7, 1933.

508

*Charles E. Scribner*, for the motion.

*Travis, Brownback & Paxson* [*Joseph M. Proskauer, Charles M. Travis, J. Alvin Van Bergh* and *George M. LePine* of counsel], opposed.

SCHMUCK, J. Motion denied. Both on the law and in the exercise of discretion no favor can be shown to this application. Appreciating the uneasiness felt by plaintiff concerning her considerable investment in the defendant corporation and her great solicitude therefor, yet naught is shown to justify any interference by way of injunction with the plan of reorganization, or rather rearrangement of capitalization. At all times should the court be wary in superimposing its superficial knowledge of the affairs

of a business in contradiction of the specific and detailed knowledge of those who constantly live with the corporation. Particularly so when the effect of such interposition may result in tremendous loss. A summary of the situation herein indubitably establishes that the proposed plan may result in enormous saving to the defendant company. To even temporarily obstruct any such prospective benefit when the outcome of the litigation is problematical is an indefensible exercise of a power never to be used except when it is imperatively necessary.

The contention that the plan is a violation of section 7 of the trust indenture is not factually supported. The plan does not, as the court understands it, propose to mortgage or pledge the property of either the holding or subsidiary companies. Nor can it be said that the plan is violative of section 15 of the Stock Corporation Law. It will not work a preference nor can it be said that the company is in imminent danger of insolvency. As a matter of fact the plan may well work out to the benefit of plaintiff and other debenture holders who determine to hold on to and retain their present debentures. The solvency of the company is beyond speculation. Its assets are at least equal to, if not greater than, its liabilities, and what is particularly significant it has not defaulted on any of its obligations.

As a final answer to plaintiff's plea it would seem that plaintiff cannot maintain this action. The indenture prescribes when and how a holder of a debenture may sue. It clearly states that the action must be brought by the trustee when so demanded by a certain percentage of those similarly situated. The complaint fails to show compliance or refusal on the part of the trustee.

Hesitant to use the tools and implements of injunction to wreck a structure built up by considerable thought, effort and material expenditure and carrying out the idea of that injunction *pendente lite* is only to be given when indisputably shown to be necessary to avoid present irreparable damage, this motion is denied.